## Pittsburgh *v.* Brace Bros., Appellants.

*Municipalities—Power to enforce lien for water outside of limits of city— Act of March 7, 1843, sec. 4.*

Under the act of March 7, 1843, § 4, P. L. 47, which empowers the city of Pittsburgh " to recover water rents due and unpaid beyond the limits of the city, as well as within the same, in the same way as city taxes are now recoverable," the city may furnish water to property outside of the municipal limits, and enforce the collection of the water rents by the entry of a lien therefor against the real estate upon which the water was furnished, according to the contract made with the customer.

Argued Oct. 25, 1893. Appeal, No. 83, Oct. T., 1893, by defendants, Brace Brothers, from judgment of C. P. No. 1, Al-

legheny Co., Dec. T, 1890, No. 786, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and THOMPSON JJ.

Scire facias sur municipal lien for water rent.

The facts appear by the opinion of the Supreme Court.

A rule to strike off the lien was discharged, and, at the trial, the court, SLAGLE, J., gave binding instructions for plaintiff.

*Errors assigned* were (1, 2) instructions, quoting them, (3) refusal to strike off lien.

*W. K. Jennings*, for appellants, cited: Gilchrist's Ap., 109 Pa. 600; Denton v. Jackson, 2 Johns. Ch. 336; Riley v. City of Rochester, 9 N. Y. 64; Ottawa v. Carey, 108 U. S. 110; Straub v. Pittsburgh, 38 Pitts. L. J. 89; 2 Dillon, Mun. Corp. § 435.

*Robert S. Frazer, William C. Moreland* with him, for appellees, cited: Acts of April 12, 1851, § 8, P. L. 421; Feb. 20, 1857, § 1, P. L. 56; March 7, 1843, § 4, P. L. 47; March 22, 1877, P. L. 16; Ordinance of Dec. 1, 1884, § 1, Ordinance Book, vol. 4, p. 419; Smith v. Phila., 81 Pa. 39.

OPINION BY MR. JUSTICE WILLIAMS, October 30, 1893:

The general proposition on which the appellants seek to rest their defence, that the powers of a municipal corporation are confined to its own territorial limits, is too plain for controversy. It can exercise no extra-territorial jurisdiction without some special provision authorizing it: Gilchrist's Appeal, 109 Pa. 600. But when such special provision exists the act authorized by it may be lawfully done. Within its boundaries a municipal government may undertake to supply its citizens with water or light. When it does so it may enforce the collection of the water rents by the entry of a lien therefor against the real estate upon which the water was furnished; and this lien may be proceeded upon, and the property bound by it brought to sale, in the same manner that is practiced in the case of other municipal liens. By the act of March 7, 1843, sec. 4, it is provided that " The mayor, aldermen and citizens of Pittsburgh,

may from and after the passage of this act proceed to recover water rents due and unpaid beyond the limits of the city, as well as within the same, in the same way as city taxes are now recoverable." Since the passage of this act the city of Pittsburgh may furnish water to persons residing beyond the city limits, upon the same terms and conditions that it furnishes to its own citizens; and collect the water rents due from such persons "in the same way as city taxes are now recoverable." In 1882 the appellants were residing and doing business outside the city limits. In that year they applied in writing to the city authorities for a supply of water for use in their laundry, agreeing to take it in accordance with the provisions of the several ordinances relating to the supply of water, and the assessment of water rents or taxes in force in said city. The city accepted their application and the water was furnished. For several years it was paid for without objection, and at the rate or price fixed by the city ordinances. In 1889 an increase in the water rent was made. Because of its nonpayment, a lien was entered in favor of the city, and a scire facias issued thereon. The defendants interposed by way of defence the facts that they are not residents of the city and that the real estate which it is sought to charge is not within the city limits or subject to municipal taxes or liens. This defence would be good but for the act of 1843. The defendants were competent to contract, for the water supply needed, with any person or municipality that was able to supply them. The city was invested with power to contract with them by the act of 1843, and to employ the same methods to compel the payment of the water rents that it was authorized to employ within its own borders.

The parties were therefore competent to contract upon this subject. They did actually contract, upon the same terms and conditions in use in contracts between the city and its citizens. The water has been furnished by the city and used by the defendants. A lien for the unpaid rents has been entered under the authority of the act of 1843 and the contract between the parties. The defendants stand on the same ground they would occupy if their laundry was inside the city, and can make no defence that would not be open to them in that case.

If the price charged for the water had been properly fixed under general ordinances, and the proceedings have been regu-

lar in form, the city has the same right to recover against the defendants that it would have if their establishment was upon the other side of the city line. As no defence has been shown other than that which rests on the location of the laundry, the learned judge of the court below was right in his conclusions and the judgment must be affirmed.